IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL D. MILLARD,

    Plaintiff,

v.                                                             No. 1:25-cv-00691-KK[1]

SEAN DUFFY, Secretary,
United States Department of Transportation,

    Defendant.

## ORDER TO SHOW CAUSE

*Pro se* Plaintiff alleges that the "Secretary of U.S. Department of Transportation (DOT) has violated the 14th Amendment due process of law in adopting the Commercial Vehicle Safety Alliance's (CVSA) North American Standard Out-of-Service (OOS) Criteria (OOS Criteria) denying the trucking industry the ability to have free access to the OOS Criteria and participation in development of the OOS Criteria." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 1, filed July 24, 2025 ("Complaint"). An "out-of-service order" is:

> a declaration by an authorized enforcement officer of a Federal, State, Canadian, Mexican, or local jurisdiction that a driver, a commercial motor vehicle, or a motor carrier operation is out of service pursuant to 49 CFR 386.72 [imminent hazard], 392.5 [alcohol prohibition], 392.9a [operating authority], 395.13 [drivers ordered out of service], or 396.9 [inspection of motor vehicles and intermodal equipment in operation], or compatible laws, or the North American Standard Out–of–Service Criteria.

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 4, filed July 29, 2025. Plaintiff has paid the filing fee. *See* Doc. 3, filed July 24, 2025. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

49 C.F.R. 390.5.  Plaintiff seeks the following relief:

> a) . . . DOT be limited to the OOS Criteria adopted in 49 CFR Part §385.4 until the OOS Criteria is developed by DOT. . .
>
> b) 49 CFR Part §390.5 and §390.5T remove reference to "North American Standard Out-of-Service Criteria" in the definition of Out-of-Service order.
>
> c) . . . DOT remove CVSA OOS Criteria from 49 CFR Part § 385.4; whereas DOT has not followed due process of law to identify violations severe enough to meet the definition of "imminent hazard" per 49 USC §521(b)(5)(B). . .
>
> d) . . . The OOS Criteria should be written by DOT not CVSA a 503c non-profit organization.  DOT should be required to identify OOS violations of 49 CFR Parts §100 through §199 and 49 CFR Parts §300 through §399 that are an imminent hazard per 49 U.S.C. §521(b)(5) per 49 U.S.C. §31136.

Complaint at 8.

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

It appears this Court does not have jurisdiction to grant the relief Plaintiff seeks.  "The court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or

to determine the validity of . . . all rules, regulations or final orders of . . . the Secretary of Transportation issued pursuant to . . . subchapter III of chapter 311 [49 U.S.C. § 31131 *et seq.*].” 28 U.S.C. § 2342(3)(A). That subchapter, 49 U.S.C. § 31131 *et seq.*, governs the Secretary's responsibility to determine whether owner/operators are “fit to safely operate motor vehicles” and to prescribe regulations regarding commercial motor vehicle safety. 49 U.S.C. § 31144(a) (“the Secretary of Transportation shall . . . determine whether an owner or operator is fit to operate safely commercial motor vehicles”); 49 U.S.C. § 31136(a) (“the Secretary of Transportation shall prescribe regulations on commercial motor vehicle safety”). Exclusive jurisdiction to determine the validity of DOT regulations Plaintiff is challenging is vested in the United States Courts of Appeals.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See*, *for example*, Fed. R. Civ. P. 10(b) (“A party must state its claims or defenses in numbered paragraphs”); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (“[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.”).

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case for lack of jurisdiction; and (b) file an amended

complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**