**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL D. MILLARD,

       Plaintiff,

v.                                                                                        No. 1:25-cv-00691-SMD-KK

SEAN DUFFY, Secretary,
United States Department of Transportation,

       Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

*Pro se* Plaintiff alleged that the "Secretary of U.S. Department of Transportation (DOT) has violated the 14th Amendment due process of law in adopting the Commercial Vehicle Safety Alliance's (CVSA) North American Standard Out-of-Service[1] (OOS) Criteria (OOS Criteria) denying the trucking industry the ability to have free access to the OOS Criteria and participation in development of the OOS Criteria."   Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 1, filed July 24, 2025 ("Complaint").   Plaintiff challenged the validity of certain DOT regulations and sought an order directing DOT to change some of the regulations.  *See* Complaint at 8.

---

[1] An "out-of-service order" is:

> a declaration by an authorized enforcement officer of a Federal, State, Canadian, Mexican, or local jurisdiction that a driver, a commercial motor vehicle, or a motor carrier operation is out of service pursuant to 49 CFR 386.72 [imminent hazard], 392.5 [alcohol prohibition], 392.9a [operating authority], 395.13 [drivers ordered out of service], or 396.9 [inspection of motor vehicles and intermodal equipment in operation], or compatible laws, or the North American Standard Out–of–Service Criteria.

49 C.F.R. 390.5.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff it appears this Court does not have jurisdiction to grant the relief Plaintiff seeks because "[t]he court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all rules, regulations or final orders of . . . the Secretary of Transportation issued pursuant to . . . subchapter III of chapter 311 [49 U.S.C. § 31131 *et seq.*]."  Order to Show Cause at 2-3, Doc. 8, filed August 22, 2025 (ordering Plaintiff to file an amended complaint).  Plaintiff filed an Amended Complaint on September 12, 2025.  *See* Doc.10.

Defendant filed a Motion to Dismiss the Amended Complaint for lack of jurisdiction stating:

> the Administrative Orders Review Act (the "Hobbs Act") and the Hazardous Material Transportation Act (the "HMTA") vest exclusive jurisdiction for such challenges in the United States Courts of Appeals.  In addition, Plaintiff's claims are barred by the mandatory 60-day jurisdictional time limit for seeking judicial review set forth in the Hobbs Act and the HMTA.  Furthermore, Plaintiff has failed to establish standing.

Motion to Dismiss at 1-2, Doc. 20, filed March 10, 2026.

Instead of filing a response to the Motion to Dismiss, Plaintiff filed a Motion which states in its entirety: "Due to a better understanding of the law[,] I am requesting my case be dismissed. I will resubmit my case to the US Court of Appeals as required.  Thank you for your time in considering my request."  Motion at 1, Doc. 23, filed March 16, 2026.

The Court grants Defendant's Motion to Dismiss the Amended Complaint.  Plaintiff, as the party seeking to invoke the jurisdiction of this Court, has not met his burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of jurisdiction and denies Plaintiff's Motion to dismiss this case as moot. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that:

(i)　　Defendant's Motion to Dismiss at 1-2, Doc. 20, filed March 10, 2026, is **GRANTED.**

(ii)　　This case is **DISMISSED without prejudice.**

(iii)　　Plaintiff's Motion, Doc. 23, filed March 16, 2026, is **DENIED as moot.**

**UNITED STATES DISTRICT JUDGE**

3